# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **SONGBIRD TECH, LLC,**<br><br>  Plaintiff<br><br>  v.<br><br>**X CORP.**<br><br>  Defendant | **Case No. 1:26-cv-00281**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Songbird Tech, LLC ("Plaintiff" or "Songbird") hereby asserts the following claims for patent infringement against X Corp. ("Defendant" or "X"), and alleges, on information and belief, as follows:

### THE PARTIES

1. Songbird Tech, LLC is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business in Waco, Texas.

2. Upon information and belief, X Corp is a corporation organized under the law of the State of Nevada, having a principal place of business at 865 FM 1209, Building 2, Bastrop, Texas 78602.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1391 and 1400.

4.  Upon information and belief, Defendant is subject to personal jurisdiction of this Court based upon it having regularly conducted business, including the acts complained of herein, within the State of Texas and this judicial district and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

5.  Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign corporation.

## THE PATENT-IN SUIT

6.  Songbird is the lawful owner of all right, title, and interest in United States Patent No. 8,825,787 (the "'787 Patent"), entitled "Audio message Driven Customer Interaction Queuing System," including the right to sue and to recover for infringement thereof. The '787 Patent was duly and legally issued on September 2, 2014.

## ACCUSED PRODUCTS

7.  On information and belief, Defendant makes, uses, imports, sells, and/or offers for sale X's social media platform, including its mobile applications (for iOS and Android), desktop applications (for Windows, macOS, and Linux), web-based interface, and related features such as voice messaging in Direct Messages (DMs) and voice posts/tweets (collectively, the "Accused Products").

8.  On information and belief, the Accused Products are made, used, sold, offered for sale, and/or imported in the United States by Defendant.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,825,787

9.  Songbird repeats and realleges the allegations of each of the above paragraphs as if fully set forth herein.

10. Claim 10 of the '787 Patent recites:

10. An electronic device of a user, said electronic device comprising:

a non-transitory computer readable storage medium configured to store a client application;

at least one processor communicatively coupled to said non-transitory computer readable storage medium, said at least one processor configured to execute said client application;

at least one input device communicatively coupled to said processor, wherein said input device comprises a microphone; and

said client application configuring said at least one processor to:

locally record an audio query message received through said microphone;

store said recorded audio query message on said electronic device; and

transmit said stored audio query message.

11. On information and belief, Defendant, without license or authorization, has directly infringed and continues to infringe the '787 Patent by making, using, importing, selling, and/or offering for sale the Accused Products in the United States.

12. On information and belief, the Accused Products incorporate voice messaging features that enable users to record and send audio messages (referred to as voice notes or voice tweets) in Direct Messages (DMs) and as posts. These features, available across mobile, desktop, and web platforms, allow users to capture spoken messages via the device's microphone, with recordings up to several minutes in length. The process

involves local recording, temporary storage on the device, and transmission to X servers for delivery, often with encryption applied.

13. The X platform supports additional integrations and features, such as AI-powered tools, video calls, file sharing, and community management, but the voice messaging functionality directly implicates the claimed elements.

14. On information and belief, as illustrated below with respect to the X mobile application (and similarly applicable to the desktop and web versions, which share comparable audio handling architectures), Defendant's actions satisfy each and every element of claim 10:

>  *10. An electronic device of a user, said electronic device comprising:*

A user of the X app installs the app on a mobile phone (e.g., iOS or Android device). The user's mobile phone is an electronic device and satisfies the claimed electronic device of a user.

> *a non-transitory computer readable storage medium configured to store a client application;*

The user's phone with the X app installed includes system memory and storage (such as internal flash storage) that stores the X application and related data. This satisfies the claimed non-transitory computer readable storage medium.

> *at least one processor communicatively coupled to said non-transitory computer readable storage medium, said at least one processor configured to execute said client application;*

The user's phone with the X app includes one or more microprocessors (e.g., Qualcomm Snapdragon or Apple A-series processors) that execute the X app. This

satisfies the claimed processor.

*at least one input device communicatively coupled to said processor, wherein said input device comprises a microphone; and*

The user's phone with the X app has a built-in microphone (or connected external microphone), communicatively coupled to the processor. This satisfies the claimed input device comprising a microphone.

*said client application configuring said at least one processor to:*

The X app installed on the user's phone satisfies the claimed client application.

*locally record an audio query message received through said microphone;*

The X app configures the processor to locally record audio messages (voice notes or voice tweets) spoken by the user. For example, in a DM or post composer, the user taps the voice message icon (mic button), starts recording via the microphone, and can pause or lock for longer recordings. This recording occurs locally on the device, satisfying the claimed local recording of an audio query message.

*store said recorded audio query message on said electronic device; and*

The X app stores the recorded audio messages in the device's local memory or storage (e.g., in temporary buffers or app-specific files) before finalizing and sending. For instance, recorded voice messages can be accessed offline after recording but before transmission, indicating local storage. This satisfies the claimed storage on the electronic device.

*transmit said stored audio query message.*

The X app transmits the stored audio messages to X's network servers for delivery to recipients or posting on feeds. Communications, including voice messages, are

encrypted in transit. For example, after recording and storing locally, tapping "Send" or "Tweet" transmits the message. This satisfies the claimed transmission of the stored audio query message.

15. These features are consistent across the Accused Products, with minor variations in interface (e.g., tap-and-hold on mobile for recordings). Defendant induces infringement by providing user guides, help documentation, and software updates encouraging the use of voice messaging features.

16. Songbird has been damaged by Defendants' infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants:

WHEREFORE, Songbird requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendants have infringed the '787 patent;

B. An award of damages to be paid by Defendant adequate to compensate Songbird for Defendant's past infringement of the '787 patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Songbird's reasonable attorneys' fees; and

D. An award to Songbird of such further relief at law or in equity as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury, Under Fed. R. Civ. P. 38.

Dated: February 5, 2025                          Respectfully Submitted

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@daignaultiyer.com

**DAIGNAULT IYER LLP**
111 Congress Ave, Suite 500
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**